J-S02040-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ANTHONY DOUGLAS | : | |
| | : | |
| Appellant | : | No. 863 EDA 2018 |

Appeal from the Judgment of Sentence February 21, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004384-2017

BEFORE: GANTMAN, P.J.E., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY GANTMAN, P.J.E.: **FILED FEBRUARY 12, 2019**

Appellant, Anthony Douglas, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his bench trial convictions of strangulation, simple assault, and contempt (related to a violation of a Protection From Abuse ("PFA") order).[1]

The trial court opinion fully and correctly sets forth the relevant facts and procedural history of this case. Therefore, we have no reason to restate them. We add only that the court ordered Appellant on March 28, 2018, to file a concise statement of errors complained of on appeal, per Pa.R.A.P. 1925(b); Appellant timely complied.

Appellant raises the following issue for our review:

WAS NOT THE EVIDENCE INSUFFICIENT TO SUSTAIN THE

---

[1] 18 Pa.C.S.A. §§ 2718, 2701, and 23 Pa.C.S.A. § 6114, respectively.

VERDICT OF GUILT FOR THE OFFENSE OF STRANGULATION, 18 PA.C.S. § 2718 (A), IN VIOLATION OF APPELLANT'S STATE AND FEDERAL CONSTITUTIONAL RIGHTS, INASMUCH AS THE COMMONWEALTH FAILED TO PROVE BEYOND A REASONABLE DOUBT THAT THE COMPLAINANT'S BREATHING OR CIRCULATION OF BLOOD WAS IMPEDED?

(Appellant's Brief at 3).

A challenge to the sufficiency of the evidence implicates the following legal principles:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Jones*, 874 A.2d 108, 120-21 (Pa.Super. 2005) (quoting

*Commonwealth v. Bullick*, 830 A.2d 998, 1000 (Pa.Super. 2003)).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Charles A. Ehrlich, we conclude Appellant's issue merits no relief. The trial court opinion

comprehensively discusses and properly disposes of the question presented. (*See* Trial Court Opinion, filed July 11, 2018, at 2-5) (finding: evidence was sufficient to convict Appellant of strangulation, where complainant testified at trial credibly that Appellant twice applied pressure to complainant's throat or neck which impeded her breathing or circulation). Accordingly, we affirm based on the trial court's opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/12/19